**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EVAN RASKIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 26-2428 (SLS) |
| | § | |
| BUILD A SIGN LLC, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff Evan Raskin's Motion for Leave to File a Sur-Reply deserves swift denial. Sur-replies are "generally disfavored" and are expressly not meant to give parties a second bite at the apple by repeating arguments already briefed. *See THEC Int'l-Hamdard Cordova Group-Nazari Constr. Co., Ltd. Joint Venture v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 6 (D.D.C. 2018) ("[A] sur-reply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties."). Yet that is precisely what Raskin attempts: his proposed sur-reply merely recycles points from his opposition to Defendant Build A Sign LLC's motion to compel arbitration and tries to clarify arguments he already made in response to the motion to dismiss. Dkt. 22-2. The Court should not indulge this effort to prolong briefing with redundant or belated arguments. *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012) (stating that if sur-replies were allowed to rehash arguments, "briefing would become an endless pursuit.").

**A. Raskin's proposed sur-reply simply rehashes arguments he already made in his response to Build A Sign's motion to compel arbitration.**

Raskin concedes that Build A Sign's "use-based assent theory" is **not** newly raised in its Reply. Dkt. 22 at 2. He admits the opening motion raised the theory and that his opposition

"answered it." *Id.* His request for leave for additional briefing turns on a narrower claim: that Build A Sign's reply supplied new "proof" by citing two archived webpages. That claim does not justify a sur-reply.

The two archived webpages are not truly "new" because they provide supplemental support for the same Build A Sign theory Raskin admits he already briefed: that by using EasyCanvasPrints.com, Raskin assented to the Build A Sign terms of service accessible on the landing page. *Id.* Evidence that merely corroborates an issue already briefed does not warrant a sur-reply. *See Cohen Mohr*, 301 F. Supp. 3d at 6 ("If new arguments appear for the first time in a movant's reply, granting leave to file a sur-reply is appropriate. But such arguments 'must be truly new.'") (citing *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004) and quoting *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002)); *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 94 (D.D.C. 2017) (holding that a citation to a blog post appearing for the first time in a reply brief does not constitute new factual material if it "simply supports arguments originally raised in the motion," and therefore does not justify granting leave to file a sur-reply). And, like those in his response, Raskin's protracted, form-over-substance objections to the archived websites are an attempt to distract from the reality that **no material** facts are disputed. For example, Raskin does not dispute that Build A Sign's terms of service were accessible on EasyCanvasPrints.com's landing page. Still, this Court can evaluate the probative value of the archived webpages without a sur-reply.

Further, Raskin does not limit his proposed sur-reply to the supposedly new webpages. Nearly half of it is devoted to rehashing browsewrap arguments that he raised or could have raised in his response brief. *Compare* Dkt. 13 at 25 (arguing in his Response that Build A Sign's

"browsewrap fallback fails"), *with* Dkt. 22-2 at 4–6 (seeking leave to argue in sur-reply that even "if the Court were to consider the archived pages," Build A Sign's "browsewrap theory" fails as "a matter of law"). This redundancy is dispositive. *See Gonzalez-Vera v. Townley*, 83 F. Supp. 3d 306, 315 (D.D.C. 2015) (denying leave to file a sur-reply because the plaintiffs did not "tie" the information in their proposed sur-reply to the reply brief). Raskin should not be permitted to use two citations to corroborative archival evidence as a gateway to reargue an issue he already addressed.

In any event, the dispute over the archived webpages is immaterial. The Court need not engage with the browsewrap arguments because Raskin has never disputed that during his November 2025 transaction, he encountered a checkout page linking to Build A Sign's terms of service, clicked the link, and was directed to the terms containing an arbitration agreement. *See, e.g.*, Dkt. 1-2 at ¶ 11 (Raskin providing screenshots of the EasyCanvasPrints.com checkout page he "encountered" during his "November 9, 2025 transaction"); Dkt. 13 at 20 (discussing in detail the document hyperlinked when Raskin made his purchase, including confirming it contained an arbitration clause). Raskin's undisputed assent alone satisfies Build A Sign's burden to secure compelled arbitration, including enforcement of the delegation clause. *See* Dkt. 21 at Section II.A.

**B. Raskin's proposed sur-reply also improperly attempts to salvage a failed personal-jurisdiction argument.**

Raskin also seeks leave to file a sur-reply "to identify[] what [his] opposition actually said" about D.C. Code § 13-423(a)(4). Dkt. 22 at 2. His desire to restate or clarify his previously briefed argument is not a proper basis for a sur-reply. Raskin's proposed discussion does not respond to any new argument; it responds to Build A Sign's contention that he characterized the statute in a misleading way. *See* Dkt. 22-2 at 6–7. But correcting an alleged mischaracterization is not proper grounds for a sur-reply. *See Cohen Mohr*, 301 F. Supp. 3d at 8 ("a sur-reply is not justified to

correct 'an alleged mischaracterization.'") (quoting *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 215 (D.D.C. 2014)). Ultimately, the Court can evaluate Raskin's characterization of section 13-423(a)(4) from the existing briefs. He should not be permitted to add another round of briefing to rehabilitate an argument he already made. At minimum, if the Court grants leave for a sur-reply on any other basis, such leave should exclude this portion of the proposed sur-reply.[1]

***

The Court should deny Raskin's Motion for Leave to File a Sur-Reply. Raskin does not identify any genuinely new matter; he simply rehashes his arbitration contentions and tries to prop up the personal-jurisdiction theory he already briefed. The sur-reply is a transparent effort to secure the last word, not to address any new issue. If the Court nevertheless grants leave, Build A Sign requests that any sur-reply be limited to truly new matters, and that Build A Sign be allowed to respond within fourteen days with a sur-sur-reply of no more than five pages.

Date: August 24, 2026

Respectfully submitted,

Michael Weitzner

Michael Weitzner, D.C. Bar No. 472505
MICHAEL WEITZNER, ATTORNEY AT LAW
4916 Brandywine Street, NW
Washington, D.C. 20016
202-905-1172
mweitzner@weitznerlaw.com

Ryan A. Botkin
*Pro Hac Vice Granted*
State Bar No. 00793366
ryan@bccaustin.com
Jennifer Rappoport
*Pro Hac Vice Granted*
State Bar No. 24072761
jennifer@bccaustin.com

[1] Raskin appears to agree that his D.C. Code § 13-423(a)(4) sur-reply argument is improper, stating that he "does not rest" his motion for leave on it. Dkt. 22 at 2.

Joshua A. Kelly
*Pro Hac Vice Granted*
State Bar No. 24116605
josh@bccaustin.com

**BOTKIN CHIARELLO CALAF PLLC**
1209 Nueces Street
Austin, Texas 78701
(512) 615-2341 office
(737) 289-4695 facsimile

**Attorneys for Defendant**
**Build A Sign LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, a true and correct copy of this document was served upon the Plaintiff via the Court's electronic filing system.

*Michael Weitzner*
Michael Weitzner